POUTZ vs. DUPLANTIER. ANTE 178.

A blank indorsement allowed to be filled up, at the trial.

The sale of a co-obligee's property, on a credit, does not discharge the other.

THIS was a suit against the endorser of a note. A new trial had been granted, the jury having given a verdict contrary to law and the opinion of the court : the note was produced with a blank endorsement.

*Hennen,* for the defendant. A blank indorsement does not pass the property of the note. The *Ordinance of Bilbao* requires that every indorsement should be filled up with the name of the indorser—it should mention in what the value of a note was received, and have a date.

*Morel,* for the plaintiff. This part of the ordinance has never been received in this country.

Two gentlemen were introduced as witnesses, who deposed that they had resided, one of them thirty-five, and the other, ten years, in the country, and had done considerable business ; and had never known the practice of filling up endorse-

ments, to prevail. Notes being always transferred with blank indorsements.

*By the Court.* A blank indorsement authorises the holder to write whatever he pleases : an order to pay to any person, a receipt, or a power to receive the contents. It is surely an incomplete indorsement till it be filled up. But the party may fill it up at any time, before the note goes to the jury.

THE indorsement was accordingly filled up.

THE defendant then shewed that the plaintiff I a l brought suit against the maker of the note, had obtained judgment, and issued an execution against his lands, which had been sold on the ordinary credit, under the act of 1808, *ch.* 15, but the day of payment not being arrived, no payment had yet been made.

AFTER an argument and charge, as *ante*, 178,

VERDICT FOR PLAINTIFF.