Martin, J.
delivered the opinion of the court. The defendants are sued as endorsers of a bill of exchange drawn in their favour, at ten days sight, by the quartermaster general of the United States in New-Orleans, on the secretary of state, for the service of government. The bill was presented in due time, at the office of the *91 secretary, where the chief clerk wrote thereon “Presented, and will be paid whenever congress make the necessary appropriation-G.G.” At the expiration of the ten days, and days of grace, the bill was protested for non-payment, and due notice given to the defendants.
East’n District.
Feb. 1816.
The plaintiff was the immediate endorser of the defendants, and there were two blank and one special endorsements, which were stricken out at, or before the trial in the court below.
The defendants resisted the claim of the plaintiff on three grounds, 1. That, as the drawer, the quartermaster general, could not be personally sued, having drawn the bill in his official capacity, they could not be liable as endorsers. 2. Because the plaintiff received a qualified acceptance, inconsistent with the tenor of the bill. 3. Because there was no protest for non-acceptance, nor notice given to the defendants of the want of an absolute acceptance.
The parish court overruled the first objection, but admitted the two last, and gave judgment for the defendants, whereupon the plaintiff appealed.
This court is of opinion the first plea was properly overruled, but that the parish court erred in giving judgment for the defendants on the other two.
*92 There was no necessity of any acceptance of the bill. “If a bill be drawn by a party on himself, it is accepted by the act of drawing: in such case, as there is no drawer, there cannot be a protest for non-acceptance.” Lovelass on bills, 22.
“The general government,” says the parish judge, in overruling the first plea, “is the principal of the quartermaster general, and is as effectually obliged as if its chief itself drew, while the bearer of its power is not in the least obligated.” He might have gone farther and have added “if the secretary of state had accepted the bill, the general government, being the principal of the secretary, would have been as effectually bound as if the chief himself had accepted, while the bearer of its power, the secretary, would not be in the least obligated by his acceptance.”
We are therefore of opinion that there was no necessity of either a protest or any notice to the defendants, on account of what is erroneously supposed to be a qualified acceptance, varying from the contents of the bill.
It does not appear to the court that the plaintiff gave any assent to what was written by the clerk of the secretary of state, when the bill was presented in the office, not for acceptance, *93 but in order to obtain a date, from which the ten days after sight might be reckoned. The plaintiff notwithstanding presented the bill at maturity for payment. The clause did not vary the contract, the money drawn for was money of the United States, which all the parties to the bill must have known, could only be drawn in consequence of an appropriation made by law. Const. U. S., art. 1, sect. 9.
The bar has requested us to express our opinion on a part of that of the parish judge, which, if it pass uncontradicted, may have the most mischievous consequences. Since the establishment of banks, and indeed since that of commerce in this country, blank endorsements, on bills of exchange and promissory notes, have been the ordinary means of transferring these securities, and the superior courts have, since the establishment of the American government, universally permitted the plaintiff’s counsel to strike, even at the trial, such blank endorsements as were in the way of his recovery. The parish court has erroneously taken it for granted that the ordinance of Bilboa afforded in this respect the only legal rule of action, and that blank endorsements are illegal. It has often been held that the part of the ordinance to *94 which the parish court referred is not in force here. Pouts vs. Duplantier, 2 Martin, 328. The same point has often been ruled by the district court of U. S. in this city. That court and the superior court of the territory allowed attornies to fill up or strike out blank endorsements, before the note passed to the jury.
It is ordered, adjudged and decreed, that the judgment of the parish court be annulled, avoided and reversed, and that the judgment of this court be entered for the plaintiff, for the amount of the bill; interest, damages and costs to be assessed by the clerk.